INHABITANTS OF ARGYLE *vs*. EASTERN TRUST & BANKING COMPANY.

Penobscot.    Opinion August 7, 1926.

*Except where otherwise directed by statute or constitutional limitations, when the purposes sought to be effected under an article in a town warrant are within its corporate powers, and are expressed with sufficient precision to be plain to the ordinary mind though not in set phrase, nor with technical formality, action on such article by a majority of the qualified participants in a town meeting is binding on the inhabitants.*

In the case at bar it is not claimed that the total borrowed was excessive, nor that the proceeds were diverted from the channel authorized.

On exceptions by plaintiff. An action in assumpsit to recover $1,644.91, which plaintiff alleged was on deposit with defendant bank, to its credit, which defendant refused to pay to the plaintiff. Defendant filed in set-off two promissory notes payable to the defendant and executed in the name of plaintiff for a valuable consideration by "Isaac F. Bussell, Town Agent" which in amount nearly equaled the deposit. The case was tried by the presiding Justice without a jury, exceptions as to matters of law being reserved, who allowed the notes in set-off, and rendered judgment for the plaintiff for the balance of $72.59. The question as to the authority of the town agent to execute the notes was involved. Exceptions were taken by plaintiff to a refusal to give requested rulings, and also to certain rulings. Exceptions overruled.

The case sufficiently appears in the opinion.

*Clinton C. Stevens and Artemus Weatherbee,* for plaintiff.

*Ryder & Simpson,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

BARNES, J. On the day of the purchase of the writ in the above-entitled action, defendant had, of the funds of the plaintiff, in their capacity as a municipal corporation of this state, hereinafter called the plaintiff, a deposit in due course of banking in the sum of $1,597.00.

At the same time defendant held, as it deemed, against plaintiff, two negotiable promissory notes, the one dated December 1, 1922, for $500.00, payable in six months after date, signed "Inhabitants of the Town of Argyle By Isaac F. Bussell, Town Agent," the other note, dated March 13, 1923, for $986.00, payable in four months after date, signed "Inhabitants of Town of Argyle By Isaac F. Bussell, Town Agent," and each bearing interest at six per cent.

On the tenth of the preceding October, defendant assumed to apply the total amount of the deposit of plaintiff to the two notes, which were then overdue, notifying plaintiff of its action and requesting settlement of the balance.

Plaintiff did not approve such application of its bank deposit; did not consider itself held to pay the notes; brought suit for the money on deposit, and the notes were pleaded in set-off duly filed at the term to which the writ was made returnable.

At the trial the notes were introduced and their execution proven. In each note the maker is styled "Argyle, Maine, by its town agent, he being duly authorized to, by vote at the regular town meeting of March 27th, 1922," and plaintiff contends that these notes are not obligations binding upon it, because it says that Isaac F. Bussell was not legally authorized to execute notes of the town, and claims to recover the amount of its deposit with the defendant, with interest from October 10, 1924, the date when defendant applied the entire deposit to what it considered payment, so far as it went, on the indebtedness according to the terms of the notes.

The suit is in assumpsit, on account annexed for the amount of the deposit and interest as aforesaid, with a second count for the deposit as money held by defendant to plaintiff's use.

It was tried at the November term, 1925, before the Superior Court of Penobscot County, without a jury, with "exceptions reserved to both parties in matters of law," and the court allowed the claim of the plaintiff, "with certain interest," and also the claim in set-off of the defendant as to the notes, "with certain interest," and found for the plaintiff in the sum of $72.59.

The plaintiff excepted to the decision of the court, and, all other matters having been settled or waived, the only point now in issue is whether or not this Isaac F. Bussell was, on the dates of the several notes, duly authorized and competent to bind the town by the notes as given.

In the first place, it is evident that a municipal corporation can issue its notes only by the hand of one or more duly authorized agents. The warrant for the annual meeting of plaintiff town for 1922 contained, as Article 8, "To choose a Town Agent with power to hire money if necessary for the ensuing year."

The records of the town show that its inhabitants did then choose "I. F. Bussell, (admitted to be the same Isaac F. Bussell who signed the notes within that municipal year) Town Agent with power to hire money."

Without going into a lengthy discussion upon the point we hold that under the article as printed in the warrant the inhabitants of Argyle, at the annual meeting for 1922, were in position lawfully to choose an agent to hire money for necessary municipal purposes, and, from the record, that I. F. Bussell was so chosen and empowered.

If Article 8, above quoted, is sufficiently specific and clear, Mr. Bussell's action in signing the notes as he did bound his town, and the finding of the Superior Court is correct in law.

It is urged that the article in the town warrant, "To choose a Town Agent with power to hire money if necessary for the ensuing year," is not sufficient, in that it does not specify the amount to be hired, the purposes for which it was to be hired, the terms, etc. "The rule running through all the decisions is that an article in a warrant for a town meeting, is sufficient if it gives notice with reasonable certainty of the subject-matter to be acted upon." *Railroad Co.* v. *Brooks,* 60 Maine, 568, 573.

Except where otherwise directed by statute or constitutional limitations, when the purposes sought to be effected under an article in a warrant are within its corporate powers, and are expressed with sufficient precision to be plain to the ordinary mind, though not in set phrase, nor with technical formality, action on that article by a majority of the qualified participants in a town meeting is binding on the inhabitants.

In proceeding under the authority given him by vote of his town the agent can bind the town by notes only for money borrowed to discharge a liability or to meet an obligation legally incurred.

· The amount borrowed must also be within the limit prescribed for towns by the statutes. "The powers of the agent (of a town) are limited only by the capacities of the corporation and by the nature of his employment." *Augusta* v. *Leadbetter,* 16 Maine, 45.

In the case at bar it is not claimed that the total by this agency borrowed was excessive, nor that the proceeds were diverted from the channel authorized.

By preliminary steps prescribed by statute the inhabitants of a town, qualified to vote therein, are warned to assemble in the month of March annually, at a time and place named; and under an appropriate article a majority of the qualified voters who vote may bind the town to hire money for charges for carrying on the business of the town for the ensuing municipal year, the performance of the particular duties imposed upon them by law, and to meet their liabilities lawfully assumed.

The records of Argyle show that at the date of the annual meeting in 1922, its liabilities exceeded its immediately available resources by an amount in excess of the sum hired and secured by the two notes to the defendant, and in fact this condition is evidenced by all subsequent records so far as introduced. In the absence of proof that funds were provided from other sources to pay these liabilities it is settled law that a town is holden to pay money borrowed by its authorized agent to discharge such liabilities. In a suit against a town on notes given by its treasurer, after vote of the town, "to authorize the treasurer to obtain money by loan or otherwise to pay the debts of the town, etc.," this court has held: "If the town was in debt at each passage of the vote, and had not made sufficient provision otherwise, it had the power to empower an agent to borrow upon its credit enough to provide for the debt." *Lovejoy* v. *Foxcroft,* 91 Maine, 367, 377.

The action of its agent may be ratified by a town, and this case shows not only that the article in the warrant sufficiently apprized plaintiff of the business to be done, that the voters authorized Mr. Bussell's negotiations, but that, at annual meetings held subsequent to the dates of the notes, the report of the town officers showing the transactions in question was "discussed and accepted."

Here then was authorization emphasized by ratification.

The finding of the trial court was not incorrect in law, and the entry must be,

*Exceptions overruled.*